# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                    :    CHAPTER 13

    MARY T. FOY,                       :

        DEBTOR.              :    BANKRUPTCY NO. 10-18230-MDC

# MEMORANDUM

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

Before this Court for consideration is debtor, Mary T. Foy's (the "Debtor") objections to (i) Proof of Claim Number 4 of CR Evergreen, LLC (the "Claim 4 Objection"), and (ii) Proof of Claim Number 5 of eCast Settlement Corporation (the "Claim 5 Objection," together with the Claim 4 Objection, the "Objections"). CR Evergreen, LLC ("Evergreen") filed Proof of Claim No. 4, asserting a claim in the amount of $8,042.61 (the "Evergreen Claim"). eCast Settlement Corporation ("eCast") filed Proof of Claim No. 5, asserting a claim in the amount of $2,571.76 (the "eCast Claim," collectively with the Evergreen Claim, the "Claims"). The Claims both arise from purported assignments by Chase Bank USA, NA ("Chase") of unpaid credit cards debts incurred by the Debtor. The Debtor objects to the Claims on the basis that the assignments relied upon by Evergreen and eCast were ineffective.

Following an evidentiary hearing and having considered the issues raised by the parties at the hearing and in their post-hearing filings, this Court finds that the Debtor has met her burden and the Objections will be sustained.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2010, the Debtor commenced a chapter 13 bankruptcy case. The Debtor has since filed and obtained confirmation of her chapter 13 plan of reorganization. With her petition, the Debtor filed her schedule F listing unsecured claims in the total amount of $175,137.79. Among the

unsecured claims listed, the Debtor identified Chase as the holder of a claim in the amount of $11,170.86.

In her Statement of Financial Affairs, the Debtor acknowledged that this amount related to unpaid credit

card debt that had been reduced to a final judgment on July 14, 2010, in an action captioned *Chase Bank*

*v. Foy*, Case No. 10-0301473 in the Court of Common Pleas, Philadelphia County (the "Judgment").  The

Judgment relates to the collection of amounts due pursuant to two accounts the Debtor held with Chase:

(1) $2,271.76 due pursuant to a credit card account ending in 2547 (the "eCast Account"); and (2)

$8,042.61 due pursuant to a credit card account ending in 7774 (the "Evergreen Account," collectively

with the eCast Account, the "Accounts").  Despite being the holder of the Judgment against the Debtor,

Chase has not filed a proof of claim in the Debtor's bankruptcy case.

Evergreen filed the Evergreen Claim dated November 30, 2010, asserting a claim in the amount

of $8,042.61.  Evergreen filed an amended Proof of Claim dated May 2, 2011, that supplemented the

previous-filed document by adding to it an account summary identifying the Debtor's account as well as a

copy of an Assignment of Accounts and Waiver of Notice of Transfer of Claims dated November 18,

2010 (the "Evergreen Assignment").  The Evergreen Assignment purports to assign from Chase to

Evergreen "all right, title and interest in and to (i) certain unsecured consumer line of credit accounts and

consumer credit card account (the "accounts") which are described on computer files furnished by

[Chase] to [Evergreen ] on a monthly basis and (ii) all proceeds of such Accounts after the applicable Cut-

off Date (as defined in the Agreement)."  The Evergreen Assignment makes reference to a certain

Purchase Agreement dated December 3, 2009.  However, the Purchase Agreement was not attached to the

Evergreen Claim or otherwise included in the record now before this Court.

eCast filed the eCast Claim dated December 14, 2010, asserting a claim in the amount of

$2,571.76 ("Claim No. 5").  eCast attached to the eCast Claim a copy of an Assignment of Accounts and

Waiver of Notice of Transfer of Claims dated November 18, 2010 (the "eCast Assignment," collectively

with the Evergreen Assignment, the "Assignments").  In addition, eCast attached to its claim a document

titled "Explanation of Unavailable or Voluminous Documentation Not Attached" that states "*This account*

*was transferred to eCast on or about 11/23/2010*, through the delivery of a voluminous electronic sale file

containing the debtor's information as well as private, non-public personal and account information of other customers."  eCast Claim No. 5, p. 3 (emphasis added).  The eCast Assignment purports to assign from Chase to eCast "all right, title and interest in and to (i) certain unsecured consumer line of credit accounts and consumer credit card account (the "accounts") which are described on computer files furnished by [Chase] to [eCast] on a monthly basis and (ii) all proceeds of such Accounts after the applicable Cut-off Date (as defined in the Agreement)."

Significantly, both Assignments make no reference to the Judgment despite being executed several months after the Judgment was issued.  On this basis, the Debtor argues that the Assignments are ineffective because, pursuant to Pennsylvania law, the Debtor's underlying contractual obligations to Chase as embodied by the Accounts could not be assigned because they ceased to exist upon entry of the Judgment.

Counsel for the Debtor and counsel for eCast appeared at the scheduled July 7, 2010, hearing on the Objections.  For an undisclosed reason, counsel for Evergreen failed to appear at the July 7 hearing. At the hearing, the parties agreed with this Court that no facts were in dispute and the only matter to be decided was whether, as a matter of law, the Assignments conveyed an interest in the Judgment to Evergreen and eCast.  In furtherance of this Court's consideration of the issue, the parties agreed to submit post-trial briefs addressing the application of the doctrine of merger, *see, e.g., Youngman v. Fleet Bank (In re A & P Diversified Technologies Realty, Inc.)*, 467 F.3d 337 (3d Cir. 2006).  Specifically, this Court asked the parties to consider whether the entry of the Judgment prevented Chase from transferring its interest in the Accounts absent an express assignment of the Judgment thereby rendering the Assignments ineffective.  The Debtor and eCast have since submitted their post-hearing briefs.  Despite receiving notice of the deadline to file its brief, Evergreen failed to file any papers addressing the issue.

## LEGAL DISCUSSION

Allowance of a proof of claim is governed by 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001(f).  The Third Circuit has defined each party's respective burden in proof of claim litigation.

"The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant."

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted).

The Debtor objects to both Claims on the ground that Evergreen and eCast failed to attached a copy of the writing evidencing the assignment of Chase's interest to Evergreen or to eCast as required by F.R.B.P. 3001(c). With regard to proofs of claim based upon credit card debts held by assignees of the original creditor, a claimant must submit two types of documentation to obtain *prima facie* evidentiary status. First, the claimant must submit documentation evidencing the debtor's original contract with the original creditor. Second, the claimant must submit documentation evidencing the assignment of the debt from the original creditor to the present claimant. *In re O'Brien*, 440 B.R. 654, 660-61 (Bankr. E.D. Pa. 2010) (discussing documentation requirements to attain evidentiary presumption in connection with proof of claim relating to assigned credit card accounts). However, noncompliance with F.R.B.P. 3001(c) is not in and of itself grounds for disallowance of a claim. *Id.* at 663-66 (discussing effect of failure to comply with F.R.B.P. 3001). Rather, whether or not a claimant attaches sufficient documentation to comply with F.R.B.P. 3001(c) is only determinative of whether a claimant is entitled to *prima facie* evidentiary status. *Id.* Because compliance with F.R.B.P. 3001(c) is not determinative of the matter now before this Court, this Court will turn to the second basis for the Debtor's Objections.

The Debtor contends that neither Evergreen nor eCast is entitled to assert a claim because at the time of execution of the Assignment, the Accounts had ceased to exist thereby rendering any assignment of such interests a nullity. In response eCast argues:

> "Chase Bank won a judgment against the Debtor for unpaid credit card indebtedness. Chase Bank properly assigned the right to the judgment and its proceeds to eCast Settlement Corporation."

eCast Memorandum, at 4.

Problematically, eCast assumes the very fact that it needs to prove, namely, the existence of a valid assignment of Chase's interest in the Judgment. eCast provides no analysis of the language of the Assignments and no argument as to why the Assignments are sufficient to evidence Chase's intent to transfer its interest in the Judgment to Evergreen or to eCast.[1]

Both Assignments were executed on November 18, 2010, over four months after Chase obtained the Judgment. Despite being executed after the entry of the Judgment, the Assignments contain no language that purports to assign the Judgment. Both Assignments contain identical language and state that Chase assigned: "all right, title and interest in and to (i) certain unsecured consumer line of credit accounts and consumer credit card account (the "Accounts") which are described on computer files furnished by the Seller to the Buyer on a monthly basis and (ii) all proceeds of such Accounts after the applicable Cut-off Date (as defined in the Agreement)." In interpreting this language, this Court must give effect to its clear meaning. As stated by the Pennsylvania Supreme Court,

> "Courts do not assume a contract's language was chosen carelessly, nor do they assume the parties were ignorant of the meaning of the language employed. When contractual language is clear and unequivocal, its meaning must be determined by its contents alone."

*Crawford Cent. School Dist. v. Pennsylvania*, 585 Pa. 131, 143 (2005) (addressing interpretation of the scope of an assignment). In other words, had the parties intended to assign the Judgment, the Assignments should have stated as much.

Even if this Court were to look outside of the four corners of the Assignments, this Court finds no basis to infer that the parties intended to transfer the Judgment. For example, in one of the attachments to the eCast Claim, the document specifically states "*This account* was transferred to eCast on or about

---

[1] The case law cited by eCast in support of its position is not on point. This Court notes that a brief reading of the authorities cited by eCast demonstrates that they are inapplicable to the issues raised by the Debtor's Objection. For instance, in support of its argument that the alleged assignment assigned to eCast a portion of the Judgment, eCast cites *In re Peck*, Bky. No. 07-12251, 2008 WL 416927 (Bankr. E.D. Pa. Feb. 13, 2008). Problematically, *Peck* does not address the validity of the assignment of a judgment or ever a debt underlying a proof of claim. Rather, the decision addresses the validity of the transfer of a proof of claim. That issue is not relevant to the matter now before this Court.

11/23/2010.…" eCast Claim, p. 3 (emphasis added).  Absent any reference to the Judgment or even

judgments generally, this Court cannot infer that the parties intended to transfer Chase's interest in the

Judgment.  Therefore, to the extent the Assignments assigned Chase's interests, the Assignments only

apply to Chase's interests in the Accounts.

However, as of the date of execution of the Assignments, Chase possessed no interests in the

Accounts.  Under Pennsylvania law, it is well established that upon entry of a judgment the contractual

relationship between the parties that gave rise to the debt merges into the judgment.  *Lance v. Mann*, 360

Pa. 26, 60 A.2d 35, 36 (1948) (recognizing that the cause of action is merged into the judgment which

then evidences a new obligation.).  At that point, the underlying contractual relationship ceases to exist.

*Youngman*, 467 F.3d at 341 ("a contract is deemed to merge with the judgment, thereby depriving a

plaintiff from being able to assert claims based on the terms and provision of the contractual instrument");

*In re Stendardo*, 991 F.2d 1089, 1097 (3d Cir. 1993) (holding that underlying mortgage ceased to exist

when judgment was entered); *Best v. Galloway (In re Best)*, 417 B.R. 259, 268 fn.3 (Bankr. E.D. Pa.

2009) (questioning in *dicta* whether a mortgagee may assign its interest in a mortgage after entry of a

judgment on the mortgage); *In re Dukes*, Bky. No. 91-15339, 1998 WL 124220, at *7 n.8 (Bankr. E.D.

Pa. Feb. 19, 1998) (recognizing that the contractual relationship between the parties ceases to exist upon

entry of a judgment); *Kessler v. Old Guard Mut. Ins. Co*., 570 A.2d 569, 573 (Pa. Super. 1990) (finding

that cause of action arising from enforcement of insurance contract ceased to exist upon entry of a final

judgment).  Because the Judgment was entered on July 14, 2010, the Accounts ceased to exist as of that

date.  Therefore, this Court finds that Chase's assignment of the Accounts after July 14, 2010, without

reference to the Judgment constitutes a legal nullity.

This Court further observes that even assuming the Assignments had evidenced the intent of the

parties to convey Chase's interest in the Judgment, the Assignments would still not be enforceable.

Pennsylvania law requires the consent of a judgment debtor to any partial assignment of a judgment.

*Decatur Contracting v. Belin, Belin & Naddeo (In re Decatur Contracting)*, 898 F.2d 339, 346 (3d Cir.

1990) (recognizing that consent of judgment debtor is necessary to the effectiveness of any partial

assignment of a judgment).  Here, Evergreen and eCast claim that they are the beneficiaries of a partial

assignment of the Judgment.  Neither claims that they are owed the entirety of the judgment.  Contrary to

eCast's argument, it is not the Debtor's obligation to object to a validity of an assignment.  Rather, the

obligation lay with Chase, Evergreen and eCast to secure the consent of the Debtor to any partial

assignment of the Judgment.  *Id.*

In *Decatur*, a judgment creditor had executed partial assignments of its interest in an existing

judgment.  After the judgment debtor filed for bankruptcy relief, the bankruptcy trustee filed a complaint

to avoid the assignments on the basis that the partial assignments were invalid because the judgment

debtor did not consent.  The bankruptcy court and district court both held that the judgment debtor's

consent was not necessary to the enforceability of the partial assignments.  On appeal, the Third Circuit

reversed and held that the partial assignments of a judgment made without a judgment debtor's consent

are avoidable.  The Third Circuit observed that "where an assignor assigns a part of his claim, he is still

the principal creditor and retains control of the claim unless the debtor accepts the assignee as a new

creditor to the amount of the assignment."  *Id.* at 347 (*quoting Gordon v. Hartford Sterling Co.*, 319 Pa.

174, 179 (1935)).  Addressing the rationale for the rule requiring consent, the Third Circuit explained that

Pennsylvania law requires a judgment debtor's consent to any partial assignment of a judgment to

mitigate the possibility that a judgment debtor may be exposed to multiple lawsuits.  *Id.* at 346.  Here, the

record contains no evidence that the Debtor consented to the Assignments.  As a result, this Court finds

that even if the Assignments contained language evidencing the intent of Chase to assign its interest in the

Judgment to either Evergreen or eCast, the Assignments would remain ineffective.

**SUMMARY**

This Court finds that the Debtor established that the Assignments did not transfer from Chase to

Evergreen or eCast an interest in the Judgment.  For this reason, the Debtor's Objections are

**SUSTAINED**.

BY THE COURT:

_Magdeline D. Coleman_

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Dated:  April 11, 2012